UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABUDUREYIMU KASIMUJIANG
330 Independence Ave, SW
Washington DC 20237

Plaintiff

v.                                          Civil Action No.

ALEJANDRO MAYORKAS
Secretary, U.S. Department of
Homeland Security
4705 Martin Luther King Jr. Ave SE
Washington DC 20528

and

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY
4705 Martin Luther King Jr Ave SE
Washington DC 20528

Defendants

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an "unreasonable delay" case, under the Administrative Procedure Act. Defendants have failed to make a decision on the plaintiff's asylum case, even though it has been pending for almost four years. It is unreasonable to delay a case for almost four years.

## JURISDICTION

2. Under 5 U.S.C. §§ 551-706, this Court has jurisdiction. 5 U.S.C. § 551(13) defines "agency action" as including the "failure to act." §555(b) states that "within a reasonable time each agency shall proceed to conclude a matter presented to it." § 702 provides that a person "suffering legal wrong because of agency action…is entitled to judicial review thereof." § 704 provides that "agency action for which there is no other adequate remedy in court [is] subject

1

to judicial review." § 706(1) provides that the Court is authorized to compel agency action which has been "unlawfully withheld or unreasonably delayed."

3. "While 'reasonable time' is not a clear standard, I cannot simply ignore it." *Tang v. Ashcroft,* 493 F. Supp. 2d 148, 150 (D. Mass. 2007). A court in Illinois refused to hold that a three-year delay was reasonable, and denied a government motion to dismiss. *Haus v. Nielsen,* 2018 WL 1035879, *4 (N.D. Ill. 2018). *Accord: Soneji v. DHS,* 525 F. Supp. 2d 1151, 1156 (N.D. Cal. 2007).

4. Plaintiff has a statutory right to apply for asylum and to be considered for that relief under 8 U.S.C. § 1158(a). Defendants must adjudicate plaintiff's application within a reasonable time.

5. Defendants have the statutory duty to adjudicate asylum requests within 180 days of filing, under 8 U.S.C. § 1158 (d)(5)(A)(iii), in the absence of exceptional circumstances.

6. There are no exceptional circumstances here.

7. Plaintiff has the statutory right to apply for withholding of removal and to be considered for that relief under 8 U.S.C. § 1231(b)(3). Defendants must adjudicate that application within a reasonable time. Defendants are shirking their duty.

8. "The duty to act is no duty at all if the deadline is eternity." *Tang v. Ashcroft,* 493 F. Supp. 2d 148, 150 (D. Mass. 2007). A court in Florida ruled that "administrative agencies do not possess discretion to avoid discharging the duties that Congress intended them to perform." *Elkhatib v. Butler,* 2005 WL 5226742, at *1 (S.D. Fla. 2005).

9. In *American Hospital Association v. Burwell,* 812 F.3d 183, 191 (D.C. Cir. 2016), the agency "insist[ed] that…. the department lacks the resources to" comply with the demands of a statute. The Court nonetheless ruled that "[h]owever many priorities the agency

2

may have, and however modest its personnel and budgetary resources may be, there is a limit to how long it may use these justifications to excuse inaction in the face of" a statutory deadline. *Id.* at 193 (citing *In re United Mine Workers of America International Union,* 190 F.3d 545, 554 (D.C.Cir. 1999). The Court instructed that the agency must act: perhaps it "will have to curtail the RAC program or find some other way to meet them. Federal agencies must obey the law…" 812 F.3d at 193.

10. The D.C. Circuit has ruled that regardless of limited resources of an agency, there is a limit to delay.

11. Defendants have failed to adjudicate the applications of plaintiff. In *Liu v. Chertoff,* 2007 WL 2435157, at *7 (D. Ore. 2007), the Court ruled that it is wrong to "render toothless all timing restraints…which would amount to a grant of permission for inaction." Plaintiff is physically present in the United States; to delay plaintiff's case "seems antithetical to national security interests." *Id.* It is wrong to conclude that "there would be no time limit to the length of time the USCIS may take processing applications." *Id.* at *8.

12. In *Han Cao v. Upchurch,* 496 F. Supp. 2d, 569, 574 (E.D. Pa. 2007), the Court ruled that the agency does not have the discretion to let "a petition languish indefinitely."

13. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

## VENUE

14. Venue is appropriate under 28 U.S.C. § 1391, because defendants are located in the District of Columbia.

## PARTIES

15. Plaintiff was born in China. He is an asylum applicant and also an applicant for withholding of removal.

15a. Plaintiff is employed by Voice of America, 330 Independence Ave SW, Washington DC.

15b. Plaintiff has a "DC Real Estate Salesperson" licence, issued by the District of Columbia Government. Plaintiff is engaged in the buying, selling, and investing in real estate in the District.

15c. Plaintiff has a part-time job with Keller Williams Capital Properties, which has an office at 1918 18th Street NW, Washington DC.

16. Defendant United States Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 701-706, and has the duty to adjudicate the applications of plaintiff.

17. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security and is sued in his official capacity. He has the duty to adjudicate the applications of plaintiff.

18. Both defendants have the duty to make sure asylum applications are adjudicated in a timely and efficient manner. Defendants allow asylum offices to interview, and re-interview applicants, for over six hours. This wastes the time of the applicant, and the personnel in the asylum office. This problem has been going on for years; the asylum office backlog is now over 300,000 cases; it is a national embarrassment. Defendants have the power to solve this problem; but they haven't. It is a problem of national significance. Defendants have failed to issue policy directives to local offices to avoid this problem. Local offices are not given any

deadlines to adjudicate cases; local offices are not penalized for allowing cases to languish for years. Both defendants in this case are derelict in their national duties.

19. This case involves national policy issues that may require the testimony of policymakers here in the District.

20. Both defendants allow local offices to adjudicate, in the year 2021, cases filed in 2021. Both defendants allow local offices to randomly interview applicants, in any order the local office wants. Plaintiff has been waiting for years. Why should a local office adjudicate the case of an applicant who has been waiting only five *weeks* before it adjudicates the case of plaintiff? This arbitrary and capricious system can only be stopped if defendants take action.

21. Plaintiff has been treated differently, and unfairly, compared to other asylum applicants. Many asylum applicants filed their applications in 2021, and have already had their cases adjudicated. This factor annoyed the court in *Huang v .Mukasey,* 2008 WL 418048, *7 (W.D.Wash. 2018) "Some applicants receive relatively speedy adjudication, whereas others do not, and the Government does not explain why." [the agency was ordered to adjudicate the application of Mr. Huang in 45 days].

22. The Civil Justice Reform Act of 1990, 28 U.S.C. section 476, requires district court judges to file reports on the number of motions pending over six months, the number of bench trials that remain undecided more than six months, and all civil cases pending more than three years. Pressure is put on judges to adjudicate cases. There is no such system for asylum offices. There are no sanctions imposed on asylum offices that do not adjudicate cases. Defendants should take action to correct this problem.

...

FIRST CAUSE OF ACTION: ASYLUM APPLICATION

23. Plaintiff repeats, alleges, and incorporates the allegations contained in all paragraphs set forth above.

24. Plaintiff has been waiting since December 4, 2017 for action from defendants.

25. Since that time, defendants have done nothing.

26. Plaintiff's file sits unattended, and unlooked at, in the offices of the defendants. Defendants are simply sitting on plaintiff's applications.

PLAINTIFF IS SUFFERING REAL HARM

27. Plaintiff is suffering real harm. He suffers great emotional distress. His status is uncertain. Many employers will not consider him for a job, due to his unclear status. Employers often demand a green card, or some permanent status. As an asylum applicant, he is considered only a short-term employee, at best. He is unable to plan for the future. He should be granted asylum, and also withholding of removal. His pain continues, and increases each day. This is a real and immediate harm. The delay is having a real impact on his health and welfare. He has headaches and bouts of anxiety

28. There are no "exceptional circumstances" justifying the delay by defendants.

29. Plaintiff has no adequate remedy at law, and will suffer irreparable harm if his applications are not promptly adjudicated.

30. Defendants have unreasonably delayed adjudication of the applications. A delay of 2.75 years was deemed unreasonable, in *SAI v. DHS,* 149 F. Supp. 3d 88, 121 (D.D.C. 2015). A delay of 2.5 years was deemed unreasonable in *Families for Freedom v. Napolitano,* 628 F. Supp. 2d 535, 540 (S.D.N.Y. 2009).

6

SECOND CAUSE OF ACTION: WITHHOLDING OF REMOVAL

31. Plaintiff repeats, alleges, and incorporates the allegations contained in all paragraphs set forth above.

32. Plaintiff has the statutory right to apply for withholding of removal and to be considered for that relief under 8 U.S.C. § 1231(b)(3). An asylum application shall be deemed to constitute at the same time an application for withholding of removal. 8 C.F.R. § 208(3)(b). Form I-589 is entitled "Application for Asylum and for Withholding of Removal." Withholding of removal "is mandatory" if the applicant qualifies. *INS v. Aguirre- Aguirre,* 526 U.S. 415, 419-20, 119 S. Ct. 1439, 1443 (1999). Whereas "withholding is mandatory… the decision whether asylum should be granted to an eligible alien is committed to the Attorney General's discretion." *Id*. A grant of withholding of removal "is not discretionary." *Matter of I-S & C-S-,* 24 I&N Dec. 432, 434 (BIA 2008).

33. Plaintiff has no adequate remedy at law, and will suffer irreparable harm if his withholding application is not promptly adjudicated.

34. Defendants have unreasonably delayed adjudication of the application.

35. At some point, defendants' failure to take any action runs afoul of section 555(b). Were it otherwise, defendants could hold applications in abeyance for decades.

THIRD CAUSE OF ACTION: 8 U.S.C. section 1571(b)

36. Plaintiff repeats, alleges, and incorporates the allegations contained in all paragraphs set forth above.

37. 8 U.S.C. section 1571(b) provides:" It is the sense of Congress that the

7

processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition."

38. Plaintiff's applications, waiting since 2017, have still not been adjudicated.

## PRAYER FOR RELIEF

39. WHEREFORE, plaintiff prays that judgment be entered in his favor against defendants; and that the Court:

a) Order defendants to adjudicate his asylum application and his withholding application forthwith;
b) Order defendants to address the large backlog problem with real solutions;
c) Order defendants to stop the current arbitrary and capricious system now in effect;
d) Declare that defendants' actions violate the APA;
e) Award plaintiff reasonable attorney fees and costs pursuant to 28 U.S. C. §2412(d) and 5 U.S.C. § 504; and
f) Grant all other such relief to the plaintiff as the Court deems proper and equitable.

Respectfully submitted,

/s/ *David L. Cleveland*
David L. Cleveland
DC Bar # 424209
Attorney for Plaintiff
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684   <1949.david@gmail.com>